The Honorable James C. Luker State Senator Post Office Box 216 Wynne, Arkansas 72396-0216
Dear Senator Luker:
Regional solid waste management boards ("boards") have the power and duty
 [t]o adopt rules under the Arkansas Administrative Procedure Act, § 25-15-201 et seq., as are reasonably necessary to assure public notice and participation in any findings or rulings of the boards and to administer the duties of the boards[.]
A.C.A. § 8-6-704(a)(6) (Supp. 2009) (emphasis added).
The statute explicitly requires the adoption of rules[1] to proceed "under" — that is, in compliance with — the APA. You ask whether boards may nonetheless adopt rules without complying with the APA. In my opinion, they may not.
Your opinion request suggests that, instead of complying with the APA, a board, in adopting rules, might "apply the standard of `as are reasonably necessary to *Page 2 
assure public notice and participation in any findings or rulings of the board and to administer the duties of the board. . . .'"
But the language you quote is not a standard to be applied to the rule making process. It does not describe how rules are to be adopted; it is not procedural. Instead, it dictates the rules' substance.
Under the statute, boards have the power and duty to adopt reasonably necessary rules of two kinds: first, rules that "assure public notice and participation in any findings or rulings of the boards"; and second, rules that address board administration. These provisions are clearly substantive: they specify the rules' subject matter.
The suggested interpretation simply confuses substance and procedure, attempting to force a substantive statement of rules' content to serve as a description of the process by which rules are adopted. The interpretation is untenable especially given that the statute already states the procedure to be followed: the APA.
Even if the statute were read to include a rule making standard, there is no reason to believe it could be applied to the APA's exclusion. To the contrary, I believe any such standard would apply in addition to, not instead of, the APA.
Arkansas courts construe unambiguous statutes according to the plain meanings of the words used, and give meaning and effect to each word. E.g., Brown v. Kelton, 2011 Ark. 93, ___ S.W.3d ___,2011 WL 729057. The suggested interpretation is not consistent with these rules.
In my opinion, a board must comply with the APA in adopting rules.[2] *Page 3 
Assistant Attorney General J. M. Barker prepared this opinion, which I approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JMB/cyh
[1] With stated exceptions, a "rule" is "any agency statement of general applicability and future effect that implements, interprets, or prescribes law or policy, or describes the organization, procedure, or practice of any agency and includes, but is not limited to, the amendment or repeal of a prior rule." A.C.A. § 25-15-202(8)(A) (Supp. 2009).
[2] To the extent your opinion request concerns whether substantial compliance with the APA is sufficient, see A.C.A. § 25-15-204(f) (Supp. 2009), providing that rules are not valid unless adopted in substantial compliance with the APA's rule making requirements. *Page 1